**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAOBO DU, | No. 15-71348 |
| Petitioner, | Agency No. A088-277-038 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2019[**]
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

Haobu Du, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) denial

of asylum, withholding of removal, and protection under the Convention Against

Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Du's internally conflicting testimony and documentary evidence contradicting that testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40, 1048 (9th Cir. 2010) (holding that an adverse credibility finding was reasonable under the totality of the circumstances). Du's testimony as to whether he attended university in China and what he studied was internally inconsistent and also conflicted with the information he provided in his visa application. Moreover, he also inconsistently testified as to his employment history, including which companies he worked for in China, when he worked at those companies, and why he previously traveled to the United States for work.

In addition to considering Du's conflicting testimony, the IJ provided specific and detailed examples to support her determination that he was evasive and nonresponsive, and the BIA properly credited the IJ's demeanor assessment. *See Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) ("The record supports the agency's demeanor finding, as there are many instances where the IJ explicitly said that Jin's answer was nonresponsive."); *Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) (explaining that the "need for deference is particularly strong in the context of demeanor assessments"). Du's explanation for the inconsistencies and his evasive demeanor does not compel a contrary result. *See Zamanov v. Holder*,

2

649 F.3d 969, 974 (9th Cir. 2011).  Accordingly, we uphold the agency's denial of asylum and withholding of removal due to a lack of evidence.

Because Du's claim for CAT relief is based on the same testimony that the IJ found not credible, and he points to no other evidence that the IJ should have considered in making its determination under the CAT, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**